|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ANTHONY R. TURNER,

    Plaintiff,

v.

NATIVIDAD MEDICAL CENTER, et al.,

    Defendants.

Case No. 17-cv-03992-YGR (PR)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SECOND EXTENSION OF TIME TO FILE AMENDED COMPLAINT; AND ADDRESSING HIS PENDING MOTIONS**

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1]

    On October 30, 2017, Magistrate Judge Elizabeth D. Laporte issued an order dismissing the complaint with leave to amend. Dkt. 18. Magistrate Judge Laporte directed Plaintiff to submit an amended complaint within thirty days. *Id.* at 6. Thereafter, on January 5, 2018, Magistrate Judge Laporte granted Plaintiff's first request for an extension of time to file his amended complaint, and directed him to do so no later than February 5, 2018. Dkt. 16.

    The February 5, 2018 deadline to file an amended complaint has since passed. To date, Plaintiff has failed to file an amended complaint. Instead, on March 6, 2018, Plaintiff filed a document, which was listed on the Court's Electronic Case Filing ("ECF") database as "NOTICE OF CHANGE OF ADDRESS; JUDICIAL NOTICE," in which he gave the Court notice of his change of address and also requested an extension of time to "have an opportunity to amend his civil complaint in this Court . . . ." Dkt. 28 at 4. Thus, the Court construes this filing as Plaintiff's request for a second extension of time to file his amended complaint. His request is GRANTED, and he is directed to filed his amended complaint pursuant to the instructions below.

    Also before the Court are Plaintiff's other pending motions, including the following

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

1 documents which have been listed on ECF as: "MOTION for Notice to the New Magistrate" (dkt.
2 29) and "MOTION to issue order of review fact finding claim on each defendant and for
3 clarification on each defendant" (dkt. 32).
4       In the "MOTION for Notice to the New Magistrate," Plaintiff requests the following:
5 (1) copies of previous orders in this matter (dkt. 29 at 2); (2) a copy of the original complaint (*id.*);
6 and (3) copies of "summons forms for U.S. Marshal's service and any forms Plaintiff needs to
7 proceed in this court" (*id.* at 5). The Court GRANTS Plaintiff's request for copies of the previous
8 orders and his original complaint, but DENIES his request for copies of summons forms as
9 unnecessary because the Court will handle service of any Defendants. In this filing, Plaintiff also
10 raises claims attacking the conditions of his confinement against prison officials at the California
11 Men's Colony or "CMC" (where he was previously incarcerated) and at the California State
12 Prison-Los Angeles County or "Lancaster Prison" (where he is currently incarcerated). These
13 claims are more appropriately addressed in a separate civil rights complaint. Therefore, if Plaintiff
14 wishes to pursue such claims, he may do so by filing a new civil rights action accompanied by the
15 requisite filing fee or an *in forma pauperis* application in the correct venue. Because CMC and
16 Lancaster Prison are located in San Luis Obispo County and Los Angeles County (respectively),
17 which both lie within the venue of the Central District of California, and Plaintiff seeks relief from
18 prison officials from CMC and Lancaster Prison for various conditions of his confinement, it is in
19 the interests of justice and convenience of the parties for these claims to be pursued in the Western
20 Division of the United States District Court for the Central District of California. Therefore,
21 Plaintiff may file a civil rights action in that venue if he wishes to pursue such claims.
22 Furthermore, Plaintiff's other requests—that the Court "enforce Los Angeles County Superior
23 Court Orders . . . which [are] being [i]gnored by Lancaster Prison Warden" (*id.* at 5) and for a
24 "Court-appointed Masters Investigation in the (Plaintiff's) criminal threats on (his) life by prison
25 guards at Lancaster Prison" (*id.*)—are DENIED without prejudice to raising such requests if he
26 pursues his claims in the Central District.
27       Finally, in his other pending motion, listed on ECF as "MOTION to issue order of review
28 fact finding claim on each defendant and for clarification on each defendant," (dkt. 32), Plaintiff

requests: (1) a copy of the "New Rules (2018) of this Court that will govern the (A.D.R.) civil trial proceeding in this matter" (*id.* at 2); (2) a "Magistrate Judge's consent form to proceed with the current Magistrate" (*id.*); (3) a "review 'order' and 'fact-finding' . . . as to the cognizable claims against 'each' defendant named" (*id.*) and (4) summons forms (*id.* at 2-3). Plaintiff's request for a Magistrate Judge's consent form is DENIED as unnecessary as this matter has been assigned to the undersigned, who is a <u>district</u> judge. Plaintiff's request for a summons form is again DENIED as unnecessary for the reason explained above. The remaining requests in the aforementioned motion are DENIED as premature because: (1) Plaintiff has not yet filed his amended complaint, and thus the Court cannot conduct a review of his claims; and (2) the proceedings are at an early stage and Plaintiff need not refer to any rules of court relating to <u>trial</u> proceedings.[2]

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's request for a second extension of time to file his amended complaint is GRANTED. No later than **twenty-eight (28) days** from the date of the Order, Plaintiff must complete the Court's civil rights complaint form. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 17-3992 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. **Plaintiff's failure to file his amended complaint by the twenty-eight day deadline or to correct the deficiencies outlined in the Court's October 30, 2017 Order will result in the dismissal of this action without prejudice.** <u>**Because Plaintiff has already been granted two extensions, no further extensions of time will be granted absent extraordinary circumstances.**</u>

---

[2] If this case proceeds to trial, Plaintiff may request a copy of the civil local rules at that time. In order to obtain a copy of the civil local rules by mail, Plaintiff must send to the Clerk of the Court a written request along with stamped, self-addressed 10" x 14" envelope.

2. Plaintiff's "MOTION for Notice to the New Magistrate" is GRANTED in part and DENIED in part, as explained above. Dkt. 29.

3. Plaintiff's "MOTION to issue order of review fact finding claim on each defendant and for clarification on each defendant," is DENIED as either unnecessary or premature, as explained above. Dkt. 32.

4. The Clerk is directed to send Plaintiff the following along with his copy of this Order: (1) copies of previous orders in this matter; (2) a copy of the original complaint; and (3) a blank civil rights complaint form.

5. This Order terminates Docket Nos. 29 and 32.

IT IS SO ORDERED.

Dated: April 27, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California