UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,

    v.

NATIVIDAD MEDICAL CENTER, et al.,

    Defendants.

Case No. 17-cv-03992-YGR (PR)

**ORDER OF DISMISSAL; AND TERMINATING PLAINTIFF'S REMAINING MOTIONS AS MOOT**

## I. INTRODUCTION

This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1]

Plaintiff, a state prisoner and frequent filer, filed this instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Magistrate Judge Elizabeth D. Laporte dismissed the original complaint with leave to amend, and Plaintiff filed an amended complaint after being granted multiple extensions of time to do so. The Court now reviews the amended complaint and dismisses it for failing to correct the deficiencies in the original complaint.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In the original complaint, Plaintiff alleged that he was victim of battery by gang members at Salinas Valley State Prison ("SVSP") in January, February, and April 2017. *See* Dkt. 1. Plaintiff claimed that these incidents were a result of an ongoing conspiracy among, and retaliation by, prison guards. From these incidents, Plaintiff suffered multiple facial fractures, two brain concussions, chest injuries, and neck and spinal injuries. Plaintiff also alleged that the Defendant doctors improperly treated his injuries. Finally, Plaintiff declared that, at the time he filed his complaint, an ongoing danger existed because he continued to suffer from the pain and lack of

treatment.[2]

As mentioned above, the Court dismissed the claims in the original complaint with leave to amend because they did not comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. The Court found the claims improperly joined, upon making the following determination:

> Plaintiff's complaint is difficult to decipher, but as best as the Court can tell, Plaintiff generally alleges that prison guards conspired to retaliate against him by staging and planning assaults on Plaintiff by other inmates. Plaintiff also alleges that doctors have failed to treat his injuries. For the following reasons, the Court dismisses the complaint with leave to amend.
>
> First, Plaintiff's claims appear to violate Federal Rules of Civil Procedure 18 and 20. Under Rule 20, a plaintiff may join any person as a Defendant if: (1) any right to relief asserted against the Defendant relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the Defendants. Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. *See* Fed. R. Civ. P. 18(a); *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").
>
> As the complaint reads, it is not clear which potential Defendants are properly joined. It is also unclear whether any potential claims are connected to each other. Thus, the complaint is dismissed.

Dkt. 18 at 4.

The Court granted Plaintiff leave to file an amended complaint, provided that he complied with Federal Rules of Civil Procedure 18 and 20. The Court further advised Plaintiff that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if Plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. In addition, the Court instructed Plaintiff to clearly name all Defendants when he filed his amended complaint, to make clear where each Defendant is employed, and to indicate what

---

[2] In an Order dated October 30, 2017, Judge Laporte determined that Plaintiff was entitled to the imminent danger exception under 28 U.S.C. 1915(g) to avoid dismissal. Dkt. 18 at 2-3.

exactly each Defendant did or did not do that violated Plaintiff's federally protected rights. The Court pointed out that in amended complaint Plaintiff "must clearly demonstrate that, if the facts are true, Plaintiff is entitled to relief." Dkt. 18 at 5 (citing Fed. R. Civ. P. 8(a)(2)). Finally, Plaintiff was cautioned that if his amended complaint did not comply with the aforementioned requirements, this action would be dismissed. *Id.* at 7.

The 32-paged, single-spaced, and handwritten amended complaint, which is also difficult to decipher, does not comply with Rules 18 and 20, and indeed suffers from precisely the same problems as the original complaint. Plaintiff now names a total of twelve defendants, including: Natividad Medical Center (where he was treated) as well as various doctors and nurses from that hospital; and certain personnel from SVSP's medical staff. Just like in his original complaint, Plaintiff has once again alleged that prison guards retaliated against him by staging and planning assaults on Plaintiff by other inmates. Dkt. 39 at 20.[3] Specifically, Plaintiff claims that on January 17, 2017, February 28, 2017, and April 6, 2017[4] various prison guards staged multiple assaults upon Plaintiff by prison gang members. *Id.* at 20-31. Plaintiff also includes claims that he was: denied medical treatment for his numerous serious injuries; a victim of Defendants' conspiracy to deny him his right "to be provided immediate medical care for serious injuries" in 2017 by alter[ing] and falsif[ying] medical reports [and] examination records of their evaluation of [his] serious injuries"; and a victim of prison guards' "illegal use of force and use of gangs as tools to carry out threats of retaliation." *Id.* at 14-31. As in the original complaint, these claims are alleged to have arisen from a series of different transactions and occurrences, and do not involve a common question of law or fact. Plaintiff was instructed not to do so and was informed that Rule 20(a) prohibits the joinder of such unrelated claims. Consequently, as Plaintiff was cautioned, this case will be dismissed without prejudice to refiling a new case in the future that complies with

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[4] In his amended complaint, plaintiff indicates that the last incident was on "4-6-2018." Dkt. 39 at 31. However, Plaintiff refers to the last incident directly after claiming that he "laid in [his] cell bed stricken with severe pain for the next 1 ½ to 2 months" after the February 2017 incident. *Id.* Thus, the Court assumes that Plaintiff inadvertently wrote "4-6-*2018*" but meant to write "4-6-*2017*."

4

Rule 20(a) by not joining a multitude of unrelated claims in a single complaint.

**III. CONCLUSION**

For the foregoing reasons, this case is DISMISSED without prejudice.

The Clerk of the Court shall terminate as moot all Plaintiff's pending motions (dkts. 43-45) and close the file.

This Order terminates Docket Nos. 43, 44, and 45.

IT IS SO ORDERED.

Dated: January 16, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge